UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALLEN NYE,

      Petitioner,                          Civil No. 2:06-CV-15425
                                      HONORABLE LAWRENCE P. ZATKOFF
v.                                 UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

      Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO AMEND
PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING THAT THE
AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE
MICHIGAN ATTORNEY GENERAL.**

      Petitioner filed a petition for writ of habeas corpus with this Court on December 7, 2006,

seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 28,

2006, Magistrate Judge R. Steven Whalen signed an Order Requiring Responsive Pleading, in which

respondent was ordered to file an answer to the petition by June 15, 2007. Respondent has not yet

filed an answer to the petition.

      On February 16, 2007, petitioner filed an amended petition for writ of habeas corpus. For

the reasons stated below, petitioner will be granted leave to file an amended petition for writ of

habeas corpus**.** The Court will also order that the Clerk of the Court serve a copy of the amended

petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by

first class mail.

**I.  DISCUSSION**

      The decision to grant or deny a motion to amend a habeas petition is within the discretion

1

of the district court. *See Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15.   Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *See Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).   A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *See Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations omitted).   However, delay by itself is not sufficient to deny a motion to amend. *See Coe*, 161 F. 3d at 342.

Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent.   Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995).   There is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in filing the amended petition or prejudice to respondent if the amended habeas petition is filed. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994).   Additionally, because petitioner has filed his amended petition before the Court has adjudicated the issues in his petition, the Court will permit him to file an amended petition for writ of habeas corpus. *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4.

**<u>ORDER</u>**

IT IS HEREBY ORDERED That the Petitioner is Granted Leave to File An Amended Petition for Writ of Habeas Corpus.

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

s/Lawrence P. Zatkoff
**HON. LAWRENCE P. ZATKOFF**
**UNITED STATES DISTRICT COURT**

Dated: February 28, 2007

3