**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY ALLEN NYE,

        Petitioner,                        Case Number: 06-15425

v.                                         HON. LAWRENCE P. ZATKOFF

RAYMOND BOOKER,

        Respondent.
                                 /

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY AND IFP STATUS**

Petitioner has filed a Motion for Certificate of Appealability (Docket #31) and Motion to Proceed In Forma Pauperis (Docket #30). In its Opinion and Order dated August 6, 2009, the Court denied Petitioner's petition for a writ of habeas corpus. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court is required to set forth in this Order each of the issues

that Petitioner raised in his habeas petition and state with specificity which issues it certifies for appeal. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court has reviewed and considered each of the issues raised by Petitioner in light of the foregoing standards and concludes that Petitioner has not demonstrated that "jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." Specifically, the Court concludes as follows with respect to each such issue:

> I. WAS IT ERROR FOR THE TRIAL COURT JUDGE TO RULE THAT TWO OF THE DEFENDANT-APPELLANT'S FELLOW JAIL CELL INMATES WERE NOT GOVERNMENT AGENTS AND THAT THE ADMISSION OF THEIR TESTIMONY REGARDING INCULPATORY STATEMENTS ALLEGEDLY MADE BY THE DEFENDANT APPELLANT WAS NOT PRECLUDED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
>
> A certificate of appealability is not warranted on this issue.
>
> II. WAS IT ERROR FOR THE TRIAL COURT JUDGE TO EXCLUDE RELEVANT EVIDENCE REGARDING THE ORIGIN OF SEMEN FOUND IN THE VICTIM'S UNDERPANTS WHERE THE DEFENDANT APPELLANT WAS CHARGED WITH THIRD DEGREE CRIMINAL SEXUAL CONDUCT AND/OR FIRST DEGREE HOME INVASION AS THE PREDICATE FELONIES TO SUPPORT THE CHARGE OF FIRST DEGREE MURDER?
>
> A certificate of appealability is not warranted on this issue.
>
> III. WAS IT ERROR FOR THE TRIAL COURT JUDGE TO ALLOW THE PROSECUTION TO PRESENT TESTIMONY REGARDING A STATEMENT OF OPINION MADE BY THE DEFENDANT APPELLANT'S MOTHER TO THE EFFECT THAT SHE THOUGHT HER SON MIGHT BE GUILTY?
>
> A certificate of appealability is not warranted on this issue.
>
> IV. DID THE INSUFFICIENT EVIDENCE PRESENTED DURING THE DEFENDANT-APPELLANT'S TRIAL, TO SUPPORT THE JURY'S VERDICTS OF GUILTY BEYOND A REASONABLE DOUBT OF ONE COUNT OF FIRST DEGREE FELONY MURDER AND OF ONE COUNT

OF SECOND DEGREE MURDER, CONSTITUTE A DENIAL OF THE DUE PROCESS OF LAW GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION?

A certificate of appealability is not warranted on this issue.

Accordingly, the Court DENIES Petitioner's Motion for Certificate of Appealability (Docket #31).

The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). For the reasons set forth in the August 6, 2009, Opinion and Order, the Court finds that the issues presented by Petitioner's appeal are frivolous. *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. 1999); Fed. R. App. P. 24(a). Accordingly, Petitioner's Motion for Leave to Proceed In Forma Pauperis on appeal (Docket #30) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 23, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290